MANATT, PHELPS & PHILLIPS, LLP
SUSAN PAGE WHITE (CA Bar No. 137125)
E-Mail: spwhite@manatt.com
EMIL PETROSSIAN (CA Bar No. 264222)
E-Mail: epetrossian@manatt.com
11355 West Olympic Boulevard
Los Angeles, California 90064-1614
Telephone: (310) 312-4000
Facsimile: (310) 312-4224

*Attorneys for Plaintiff*
ISOLATION NETWORK, INC.
d/b/a INGROOVES

ROBINSON & COLE LLP
DEBBIE J. GEZON (CA Bar No. 207560)
E-Mail: dgezon@rc.com
Media Center, 4th Floor
1600 Rosecrans Avenue
Manhattan Beach, California 90266
Telephone: (310) 321-7666
Facsimile: (213) 596-0493

*Attorneys for Defendant*
WESTCHESTER SURPLUS LINES
INSURANCE COMPANY

**NOTE CHANGES MADE BY THE COURT**

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISOLATION NETWORK, INC. d/b/a INGROOVES, a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>WESTCHESTER SURPLUS LINES INSURANCE COMPANY, a Georgia corporation, and DOES 1-10, inclusive,<br><br>Defendants. | **DISCOVERY MATTER**<br><br>Case No. CV 17-04205 JFW (AGRx)<br>Hon. John F. Walter<br><br>**[PROPOSED] STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION**<br><br>Complaint Filed: June 6, 2017<br>Trial Date: June 5, 2018 |

Plaintiff Isolation Network, Inc. d/b/a INgrooves ("INgrooves") and Defendant Westchester Surplus Lines Insurance Company ("Westchester") (collectively, the "Parties" and each individually, a "Party"), by and through their respective counsel of record, hereby agree and stipulate to the terms and conditions of this Stipulated Protective Order ("Protective Order") to facilitate the exchange and discovery of information, documents, and other materials that may be confidential or subject to limitations on disclosure under federal laws, state laws, and/or privacy rights in the above-captioned action (the "Action").

1. **Scope of Protective Order.** All information, testimony, documents, or things filed with the Court, or produced or supplied during discovery in this Action, whether by a Party or nonparty, shall be governed by this Protective Order, including, without limitation, all transcripts, exhibits, and answers to interrogatories; all other documents and things; and all documents or information otherwise obtained from a Party or nonparty during discovery in connection with this Action. Notwithstanding anything to the contrary herein, this Protective Order does not govern the use of Confidential Information (as defined below) presented or proffered during the trial in this Action.

2. **"Confidential Information" Defined.** For purposes of this Protective Order, "Confidential Information" shall mean trade secret information as defined under 18 U.S.C. § 1839(3) or Cal. Civ. Code § 3426.1, or other sensitive, confidential, proprietary, private, nonpublic, and/or commercial information, documents, or other materials designated as Confidential Information as provided herein.

3. **Designation of Confidential Information.** Confidential Information shall be designated as such by the Party seeking protection before he, she, or it serves, discloses, delivers, or makes available for inspection and copying such information, documents, or materials, as follows:

      (a) <u>Documents.</u> By affixing "CONFIDENTIAL" on each page of the document containing confidential information.

      (b) <u>Deposition Testimony.</u> By designating the portion of a deposition transcript containing Confidential Information as "Confidential," affixing "CONFIDENTIAL" on each page containing Confidential Information, and marking the audiovisual (videotape) recording as "CONFIDENTIAL" (if applicable).

      (c) <u>Native Files.</u> By inserting "CONFIDENTIAL" into the file name.

      (d) <u>DVDs and Other Tangible Items.</u> By affixing "CONFIDENTIAL" in a prominent place on the exterior of the container(s) in which the Confidential Information is stored.

    **4.** **Inadvertent Misdesignation.** A designating Party that inadvertently fails to mark an item as "CONFIDENTIAL" (or equivalent thereof) at the time of production shall not be deemed to have waived, in whole or in part, any claim of confidentiality, either as to the specific information, documents, or materials disclosed or as to any other information, documents, or materials regarding the same or related subject matter.

      (a) <u>Correction by Producing Party.</u> Any such misdesignated information, documents, or materials shall be correctly designated as soon as reasonably possible after the producing Party becomes aware of the incorrect designation. Such correction and notice thereof shall be made in writing, accompanied by substitute copies of each item appropriately marked. Within five (5) days of receipt of the substitute copies, the receiving Party shall return or destroy the previously unmarked (or incorrectly marked) items and all copies thereof.

(b) <u>Correction by Other Parties.</u> Any other Party to the Action or any nonparty bound by this Protective Order may, under the same restrictions set forth in Paragraph 4(a) above, correctly designate any material that such Party or nonparty believes to have been incorrectly designated. The terms of Paragraph 4(a) apply to a non-producing party's corrections.

5. **Authorized Persons.** All Confidential Information produced or disclosed by the Parties or any nonparty shall be provided only to:

(a) the in-house counsel, officers, directors, employees, and other agents of the Parties to whom disclosure is reasonably necessary in furtherance of this litigation;

(b) the Parties' attorneys and their respective staff and office personnel;

(c) a Party's reinsurers, retrocessionaires, reinsurance intermediaries, auditors, accountants, and regulators;

(d) any other person or entity to who/which a Party is statutorily obliged to provide such Confidential Information;

(e) any experts, consultants, mediators, arbitrators, vendors, stenographers, court reporters, and deposition videographers retained by a Party in connection with this litigation;

(f) the Court and all necessary Court personnel;

(g) deposition and trial witnesses in this Action; *provided, however,* that such witnesses may not retain any such Confidential Information following their appearance for deposition or trial testimony; and

(h) such other persons or entities as hereafter may be designated by written stipulation of all the Parties, by further order of the Court on the motion of any Party, or by subpoena for which no timely protective order is obtained pursuant to Paragraph 11 below.

6. **Experts and Consultants.** All experts and consultants shall comply with the following instructions before being provided with any Confidential Information:

    (a) Read this Protective Order in its entirety; and

    (b) Sign a copy of the Declaration and Acknowledgment attached hereto as Exhibit A (the "Acknowledgment"), signifying their agreement to the provisions of this Protective Order and to the Court's jurisdiction over any proceedings concerning this Protective Order or any of its terms. Failure to sign a copy of the Acknowledgement shall not constitute a failure to comply with the terms of the Order if such failure resulted from inadvertence or mistake.

7. **Use of Confidential Information.** All Confidential Information shall be used only in connection with this Action and/or efforts to settle this Action, as well as any related reinsurance claims, audits, regulatory disclosures or accounting work. No Confidential Information shall be used in connection with any other lawsuit or dispute, or for any business or personal use whatsoever, without the prior written approval of the designating Party. In the event that any Confidential Information is used in any pre-trial proceeding in this Action (including but not limited to conferences, oral arguments, or hearings), the Confidential Information shall not lose its status as Confidential Information as a result of such use.

8. **Submission of Confidential Information to the Court.** All documents of any nature, including, without limitation, pleadings, motions, affidavits, briefs, declarations, and exhibits, that are filed with the Court for any purpose and that contain or constitute Confidential Information shall be requested to be filed under seal in accordance with the Local Rules of the Central District of California and the Court's August 3, 2017 Scheduling and Case Management Order (Docket No. 26) and June 9, 2017 Standing Order (Docket No. 8), as applicable. Pursuant to the Scheduling and Case Management Order, no application to file

1 under seal will be granted with respect to a motion *in limine* or any documents
2 submitted with a motion *in limine*. Further, pursuant to the Standing Order, a Party
3 that wishes to file a document that has been designated as Confidential by another
4 Party must give the designating Party five (5) calendar days' notice of intent to file.
5 If the designating Party objects, it should notify the submitting Party and file an
6 application to file the documents under seal within two (2) court days.

7     **9.**     **Improper Disclosure of Confidential Information.** If any
8 Confidential Information is disclosed to any person or entity other than in a manner
9 authorized by this Protective Order, the Party responsible for or having knowledge
10 of such disclosure shall, upon discovery of the disclosure, immediately (a) inform
11 the designating Party of all facts pertinent to the disclosure that, after due diligence
12 and prompt investigation, are known to the Party responsible for or having
13 knowledge of the disclosure (including, without limitation, the name, address, and
14 employer of the person or entity to whom the disclosure was made); (b) make all
15 reasonable efforts to prevent further disclosure by each unauthorized person or
16 entity who received such information; and (c) inform the person or entity to whom
17 unauthorized disclosure of Confidential Information was made of the terms of this
18 Protective Order and attempt to have that person or entity sign the
19 Acknowledgement.

20     **10.**     **Remedies.** To enforce rights granted by this Protective Order or in the
21 event of a dispute arising thereunder, the Parties shall first seek to resolve the issue
22 through prompt and reasonable discussion. In the event the Parties are unable to
23 resolve any disputes arising under the Protective Order, the designating Party shall
24 raise the issue with the Court, who shall have jurisdiction to fashion any necessary
25 remedies to the extent permitted by law.

26     **11.**     **Jurisdiction.** The parties agree that the Court has ~~and shall retain~~ [during the pendency of this action,]
27 jurisdiction to enforce this Protective Order and any orders issued pursuant thereto.

5

Each person examining or receiving Confidential Information disclosed in this litigation, including any digests, summaries, or abstracts thereof, hereby agrees to be subject to the jurisdiction of the Court or proceedings concerning this Protective Order.

12. **Subpoenas and Other Disclosures Required by Law.** If any Party or person subject to this Protective Order who has custody of any Confidential Information receives a subpoena or other process ("Subpoena") from any government or other person or entity demanding production of Confidential Information, the recipient of the Subpoena shall promptly give notice of the same by electronic mail transmission to all counsel of record in this litigation within seven (7) calendar days of receiving the Subpoena, and shall furnish such counsel with a copy of the Subpoena. Upon receipt of that notice, the designating Party may, in its sole discretion and at its own cost, move to quash or limit the Subpoena, otherwise oppose production of the Confidential Information, and/or seek to obtain confidential treatment of such Confidential Information from the subpoenaing person or entity to the fullest extent available under law. The recipient of the Subpoena may not produce any information, documents, or other materials containing Confidential Information in response to a Subpoena before the date specified for production in the Subpoena.

13. **Party May Knowingly Waive Applicability of This Stipulation and Protective Order.** This Stipulation and Protective Order is entered into without prejudice to the right of any Party to knowingly waive the applicability of this Stipulation and Protective Order to any Confidential Information designated by that Party. If the designating Party uses Confidential Information in a non-Confidential manner, then the designating Party shall advise all other Parties that the designation no longer applies.

14. **Binding Effect After Conclusion of This Action.** This Stipulation and Protective Order shall continue to be binding after the conclusion of this Action and all subsequent proceedings arising from or relating to this Action, except that a Party may seek a Court order or the written permission of the designating Party for relief from the provisions of this Stipulation and Protective Order. ~~To the extent permitted by law, the Court shall retain jurisdiction to enforce, modify, or reconsider this Stipulation and Protective Order, even after the Action has been completed or terminated.~~

15. **Return or Destruction of Confidential Information upon Termination of the Action.** Upon written request made after the final determination of the Action and expiration of any and all rights of appeal, settlement or other termination of the Action, the Parties shall have sixty (60) days to either (a) promptly return to counsel for each designating Party all Confidential Information and all copies thereof (except that counsel for each Party may maintain in its files, in continuing compliance with the terms of this Stipulation and Protective Order, all work product, any pleading filed with the Court, and copies of any deposition transcript together with the exhibits marked at the deposition); (b) agree with counsel for the designating Party upon appropriate methods and certification of destruction or other disposition of such Confidential Information; (c) as to any documents, testimony, or other evidence not addressed by sub-paragraphs (a) and (b), request a conference with the Court regarding proper preservation of such materials; or (d) advise counsel for the designating Party that the receiving Party is required to retain some or all Confidential Information for a period of time for certain legal and/or business purposes, including any related reinsurance claims, audits, regulatory disclosures or accounting work.

16. **Submission to Court for Approval.** After this Stipulation and Protective Order has been signed by counsel for all Parties, it shall be presented to the Court for approval and entry. Counsel agree to be bound by the terms set forth

herein with regard to any Confidential Information that has been produced before the Court signs this Stipulation and Protective Order.

17. **Agreement to be Bound.**  The Parties and all signatories to the Certification attached hereto agree to be bound by this Stipulation and Protective Order pending its approval and entry by the Court. In the event that the Court modifies this Stipulation and Protective Order, or in the event that the Court enters a different Protective Order, the Parties agree to be bound by this Stipulation and Protective Order until such time as the Court may enter such different Order. It is the Parties' intent to be bound by the terms of this Stipulation and Protective Order pending its entry so as to allow for immediate production of Confidential Information under the terms herein.

18. **No Waiver of Privilege.**  This Order does not require the production of any privileged documents. By agreeing to abide by this Order, the Parties do not waive any privilege that they may be able to assert as the basis for refusing to produce Confidential Information. In the event that a Party inadvertently produces privileged documents, and if the designating Party subsequently notifies the receiving Party that the privileged documents should not have been produced, the receiving Party shall immediately return the originals and all copies of the inadvertently produced privileged documents. The Parties agree that the procedures set forth in Federal Rules of Evidence 502(e) shall apply in such circumstances.

Dated: October 5, 2017　　　MANATT, PHELPS & PHILLIPS, LLP
Susan Page White
Emil Petrossian


By:  /s/ Susan Page White
　　　Susan Page White
　　　*Attorneys for Plaintiff*
　　　ISOLATION NETWORK, INC.
　　　D/B/A INGROOVES


Dated: October 5, 2017　　　ROBINSON & COLE LLP
Debbie J. Gezon


By:  /s/ Debbie J. Gezon
　　　Debbie J. Gezon*Attorneys for Defendant*
　　　WESTCHESTER SURPLUS LINES
　　　INSURANCE COMPANY

## LOCAL RULE 5-4.3.4(a)(2)(i) CERTIFICATION

The filer of this document attests that all other signatories listed above on whose behalf this filing is submitted concur in the filing's content and have authorized the filing.

# EXHIBIT A
## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____, of _____ declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on _____, 2017 in the case of *Isolation Network, Inc. d/b/a INgrooves v. Westchester Surplus Lines Insurance Company, Inc.,* Case No. CV 17-04205 JFW (AGRx). I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and any subsequent modifications thereto. I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order, including any documents, or copies of documents, designated "Confidential," to any person or entity except in strict compliance with the provisions of this Order. I shall not copy or use such documents except for the purposes of this action and pursuant to the terms of the Stipulated Protective Order.

Upon written request I shall, within thirty (30) days, return to the attorney from whom I have received them any documents in my possession designated "Confidential," and all copies, excerpts, summaries, notes, digests, abstracts, and indices of or relating to such documents.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the items of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____ of _____ as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Joint

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

10

Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

## ORDER

The Court has received and reviewed the foregoing Stipulated Protective Order Regarding Confidential Information.

NOW THEREFORE, for good cause shown, the Court hereby **ORDERS** that the parties and their respective counsel in this action shall be governed by the terms and conditions of this Stipulated Protective Order.

**IT IS SO ORDERED.**

Dated: October 11, 2017

*Alicia G. Rosenberg*
Honorable Alicia G. Rosenberg
United States Magistrate Judge

319318017.1